UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA GAMORA, also known as Joshua
Gumora,

                              Plaintiff,

                 -against-

BOROUGH OF PRISONS; MCC STAFF;
U.S. DEPT. OF JUSTICE,

                              Defendants.

22-CV-7802 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Anna M. Kross Center, brings this *pro se*

action asserting claims for violations of his federal constitutional rights. Plaintiff alleges that,

during his detention in federal custody at the Metropolitan Correctional Center (MCC), another

prisoner sexually assaulted him. By order dated September 13, 2022, the Court granted

Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60

days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are alleged in Plaintiff Joshua Gumora's complaint. His claims arose

on December 19 or 20, in an unspecified year, during his detention at MCC.[2] (ECF 2 at 4.)

Plaintiff states:

> I was raped and anally assaulted by a inmate after being given drugs secretly. I
> had made numerous complaints to the MCC about the drug problem prior to the
> rape. Also I was raped with a screwdriver belonging to the MCC. . . .
>
> I was placed in dangerous situations which caused me harm and injury including:
> after the rape, I was suicidal and against protocol was placed alone where I
> attempted suicide by cutting with a razor left in cell.

(*Id.*)[3]

Plaintiff brings this suit against the Bureau of Prisons (BOP) (sued herein as "Borough of

Prisons), "MCC Staff," and the United States Department of Justice (DOJ). He seeks $5 million

in damages for the harms that he has suffered.

---

[2] Plaintiff was in federal custody at some point after an arrest warrant was issued for him
in December 2019 and during criminal proceedings against him, which ended in 2020. *See
United States v. Gumora*, No. 1:20-CR-0144, 50 (VSB) (S.D.N.Y. Dec. 22, 2020). He may also
have been in federal custody during his parole revocation proceeding, which was initiated in
November 2021. Plaintiff has filed another civil action, against District Judge Broderick and
others, arising out of that criminal proceeding, in which Plaintiff also describes the sexual assault
at issue in this case. *See Gumora v. Gumora*, No. 22-CV-7659 (UA) (S.D.N.Y.).

[3] The spelling and punctuation in the quoted material is from the original.

**DISCUSSION**

**A.      Claims against "MCC Staff"**

Plaintiff asserts claims for violations of his constitutional rights while in federal custody,

and the complaint might therefore be liberally construed as asserting claims under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state

officials under [42 U.S.C. § 1983]."). The purpose of an implied *Bivens* action "is to deter

individual federal officers from committing constitutional violations," *Corr. Servs. Corp. v.*

*Malesko*, 534 U.S. 61, 66 (2001), and thus the only proper defendant for a *Bivens* claim is an

individual federal official, *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994)

(holding that a *Bivens* claim does not lie against a federal agency).

Plaintiff's allegations that MCC "staff" violated his constitutional rights by failing to

protect him from sexual assault could be liberally construed as asserting a claim for deliberate

indifference to a serious risk of harm to him. Such a claim arises under the Eighth Amendment

for a convicted prisoner and under the Fourteenth or Fifth Amendment for a pretrial detainee.

*Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Plaintiff alleges that he was a pretrial detainee

when his claims arose. The Supreme Court has implied a damages remedy against federal

employees under *Bivens* in the context of claims for: (1) unreasonable search and seizure under

the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the

Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment

of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).

In recent decisions, the Supreme Court has "made clear that expanding the *Bivens* remedy

is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *see also*

*Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment

claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action"). These cases raise doubts whether a *Bivens* claim for damages will lie for a federal employee's deliberate indifference to a detainee's known risk of serious harm, in violation of the Fifth Amendment.[4] The Court need not reach the issue at this stage, however, because Plaintiff has not pleaded facts that would state such a claim.[5]

The Supreme Court has held, in the context of state prisons, that prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). A pretrial detainee asserting a failure-to-protect claim under the Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that he raised concerns about drugs at MCC prior to his assault, but he does not allege facts about what he said or whether he put anyone on notice of the risk to him

---

[4] *See, e.g., Turkmen v. Ashcroft*, No. 02-CV-2307, 2018 WL 4026734, at *2 (E.D.N.Y. Aug. 13, 2018) (considering "whether a *Bivens*-type cause of action may properly be implied under the Fifth Amendment as the basis for plaintiffs' prisoner abuse claim" and concluding that it could not), *report and recommendation adopted*, 2021 WL 4099495 (E.D.N.Y. Sept. 9, 2021).

[5] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *Id.* at 2007.

of an assault. Plaintiff has not named any individual employee who "knew or should have known of the risk of serious harm" to Plaintiff and was deliberately indifferent to that risk of serious harm. Plaintiff also alleges that he was left alone in a cell with a razor when he was suicidal but it is unclear if he alleges that some individual was aware of his suicidal ideation and knowingly placed him in that situation, with deliberate indifference to a risk of serious harm to him. Plaintiff's allegations are therefore insufficient to state a claim for damages based on any individual's deliberate indifference, in violation of the Fifth Amendment.

If Plaintiff chooses to replead this claim, and if he names an individual defendant (with the real name or as "John Doe") and alleges facts sufficient to state a claim for deliberate indifference against such individual, then the Court must then evaluate whether the Supreme Court's recent decisions foreclose such a *Bivens* claim.

Plaintiff cannot seek damages under *Bivens* against a federal agency, such as the BOP or the DOJ. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (declining to imply a *Bivens* remedy against federal agencies). The Court therefore considers below whether Plaintiff's allegations could be construed as a claim against the United States DOJ and the BOP under the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 1346(b), 2671-80.

**B.      Claims against the United States**

Plaintiff sues two federal agencies, the DOJ and the BOP, for his injuries. "The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *See Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). "The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such

employees and agents from liability for negligent or wrongful acts done in the scope of their employment." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).[6] Thus, "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). Any claim that Plaintiff brings under the FTCA must therefore be asserted against the United States, rather than the BOP or the DOJ.

Before a federal court can entertain an FTCA claim, a plaintiff must comply with the FTCA's procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). A claimant exhausts his administrative remedies by filing a claim for damages with the relevant federal agency. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, must specify the amount of damages sought, and must be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may challenge the agency's final denial in a federal district court by filing an action within six months of the federal agency's mailing of the notice of denial. *See* § 2401(b). If no written final determination is made by the federal entity within six months of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a).

This exhaustion requirement is jurisdictional and cannot be waived.[7] S*ee Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (holding that a "claimant can

---

[6] The Court also notes that an FTCA claim is available for tort claims but not for the violation of a constitutional right. *See FDIC*, 510 U.S. at 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

[7] By contrast, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Kwai Fun Wong,* 575 U.S. at 420.

only initiate his or her lawsuit once the claim has been denied by the agency or if the agency has

failed to make a decision within six months after the claim was filed."); *McNeil v. United States*,

508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive

remedies before invocation of the judicial process. Every premature filing of an action under the

FTCA imposes some burden on the judicial system."). Here, it is unclear from the allegations in

Plaintiff's complaint whether he exhausted required administrative remedies before bringing this

suit. Any claim under the FTCA therefore cannot proceed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d

Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unknown

whether Plaintiff exhausted his administrative remedies under the FTCA, the Court grants

Plaintiff leave to file an amended complaint to assert claims under the FTCA. If Plaintiff chooses

to file an amended complaint and includes an FTCA claim, he must substitute the United States

of America as a defendant for the BOP and DOJ, and allege facts showing that he has fully

exhausted the appropriate administrative remedies.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim for deliberate indifference or under the FTCA, the Court

grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the actual name of a defendant, he may refer to that individual as "John Doe" or "Jane

Doe" in both the caption and the body of the amended complaint.[8] The naming of John Doe

defendants, however, does *not* toll the three-year statute of limitations period governing this

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires.[9] In the "Statement of Claim" section of the

amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant. If Plaintiff has an address for any named

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended

complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

---

[8] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

[9] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7802 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted as to his constitutional claim and for lack of jurisdiction as to the FTCA claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:    September 19, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 2:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 3:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 4:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____